UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

AMBER MARIE CLARK,

    Plaintiff,

v.                                                        Case No. 3:24cv411-MCR-HTC

SANTA ROSA COUNTY
SHERIFF'S DEPARTMENT,

    Defendant.
_____/

<u>ORDER</u> and
<u>REPORT AND RECOMMENDATION</u>

Plaintiff Amber Marie Clark has filed a civil rights complaint under 42 U.S.C. § 1983 alleging she was falsely arrested by the Santa Rosa County Sheriff's Department in June and August of 2022, Doc. 1, as well as a motion to proceed *in forma pauperis*, Doc. 2. Upon consideration, the motion to proceed *in forma pauperis* will be GRANTED. However, Clark's false arrest claims should be DISMISSED WITHOUT PREJUDICE because they are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

**I.    Background**

Clark's complaint names the Santa Rosa County Sheriff's Department as the only Defendant. Clark alleges that on June 15, 2022, police showed up to her mom's house in Walton County, falsely arrested her, and then sent her to Santa Rosa

County.  Clark says she "had not been to [Santa Rosa] County in 6 years because [she] was scared of law enforcement."  Clark was released the next day with an ankle monitor.

On August 15, 2022, Clark was arrested again in Walton County and transported to Santa Rosa County, where she was held for three-and-a-half months.  She was "basically … told [she] would accept the charges or [be] held indefinitely."

Based on the foregoing, Clark claims her rights under the Fourth, Fifth, and Fourteenth Amendments were violated.  As relief, she seeks $2 million in damages for being "falsely held captive and for probation fees," and "to show [she] was abused by the system."[1]

## II.   Legal Standard

Because Clark is proceeding *in forma pauperis*, the Court must dismiss her complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  To state a claim, Clark must plead factual content which allows the Court to draw the reasonable inference Defendant is liable for the misconduct alleged.  *Ashcroft v.*

---

[1] Clark also states she "want[s] [her] kids back" and "this isn't about money."  However, the complaint contains no allegations connecting the Santa Rosa County Sheriff's Department to Clark losing custody of her children.  *See Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) ("[S]ection 1983 requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation.") (citation omitted).

*Iqbal*, 556 U.S. 662, 678 (2009).  The Court must liberally construe Clark's *pro se* allegations, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), but conclusory allegations and legal conclusions couched as factual allegations are not entitled to a presumption of truth.  *Iqbal*, 556 U.S. at 681; *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### III.   Discussion

#### A.   *Heck v. Humphrey*

In *Heck v. Humphrey*, the Supreme Court held:

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. 477, 486-87 (1994).  Thus, a plaintiff may not obtain damages under § 1983 if a judgment in her favor "would necessarily imply the invalidity of [her] conviction or sentence."  *Id.* at 487.

Here, Clark asserts she was falsely arrested and transported to Santa Rosa County in June and August of 2022.  However, Clark does not allege any facts supporting the claim that she was falsely arrested.  Furthermore, the Court takes

judicial notice of Santa Rosa County court records,[2] which show Clark was arrested on both occasions for violating the conditions of her pretrial release for a prior domestic violence arrest. *See* Santa Rosa County Case Nos. 2022 MM 2043 and 2022 MM 2942; *see also* Fla. Stat. § 741.29(6) (2022) ("A person who willfully violates a condition of pretrial release provided in s. 903.047, when the original arrest was for an act of domestic violence as defined in s. 741.28, commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083, and shall be held in custody until his or her first appearance."). Clark pleaded nolo contendere to both misdemeanor charges, was adjudicated guilty on October 13, 2022, and placed on probation for one year.[3]

Because Clark was convicted of both charges she was arrested for in June and August of 2022, her false arrest claims and her claims that she was "falsely held captive" are barred by *Heck*.[4] *See Hoffman v. Beseler*, 760 F. App'x 775, 779 (11th Cir. 2019) (holding plaintiff who pleaded nolo contendere with adjudication

---

[2] Available at https://www.civitekflorida.com/ocrs/app/search.xhtml.

[3] Under Florida law, a "conviction' includes a "nolo contendere plea by a defendant, regardless of adjudication of guilt." Fla. Stat. § 960.291(3); *see also* Fla. Stat. 921.0021(2) ("'Conviction' means a determination of guilt that is the result of a plea or a trial, regardless of whether adjudication is withheld.").

[4] While Clark is no longer in custody for these convictions, she could have challenged the convictions through a direct appeal or a habeas petition while she was on probation. And the Eleventh Circuit has applied the *Heck* bar to claims even if habeas relief was no longer available to the plaintiff. *See Vickers v. Donahue*, 137 F. App'x 285, 289-90 (11th Cir. 2005) (concluding a plaintiff's claim that a probation officer falsified an affidavit that led to the revocation of his probation was *Heck*-barred despite fact he was no longer in custody and habeas relief was no longer available).

withheld could not pursue malicious prosecution or false arrest claims under *Heck*); *Domotor v. Wennet*, 356 F. App'x 316 (11th Cir. 2009) (affirming dismissal of plaintiff's false arrest and false imprisonment claims as barred by *Heck*).

### B. Santa Rosa County Sheriff's Department

Clark has named the Santa Rosa County Sheriff's Department as the only Defendant. However, "Florida law has not established Sheriff's offices as separate legal entities with the capacity to be sued." *Faulkner v. Monroe Cnty. Sheriff's Dep't*, 523 F. App'x 696, 701 (11th Cir. 2013) ("[T]he district court did not err by dismissing Faulkner's claim against [the sheriff's office] because [it] is not a legal entity with the capacity to be sued under Florida law."). Clark's failure to name a suable entity provides an independent basis for dismissal.

### IV. Conclusion

Clark's complaint fails to state a viable claim under § 1983. In addition, because Clark's convictions have not been invalidated, she could not amend the complaint to overcome *Heck*. Thus, giving Clark an opportunity to amend the complaint would be futile, and this case should be dismissed without prejudice. *See Cornelius v. Bank of America, NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a pro se litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile.") (citation omitted).

Accordingly, it is ORDERED:

1. Clark's motion to proceed *in forma pauperis*, Doc. 2, is GRANTED.

And it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii) due to Clark's failure to state a claim upon which relief may be granted.

2. That the clerk close the file.

At Pensacola, Florida, this 5th day of September, 2024.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.